IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANNETTE CASTNER,

Plaintiff, No. CIV S-06-1186 KJM

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

Defendant. ORDER

_________________________________/

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") finding plaintiff did not continue to be disabled for purposes of receiving Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

/////

/////

I. Factual and Procedural Background

In a decision dated April 29, 2005, the ALJ determined plaintiff was no longer disabled and that her disability ceased on April 1, 2002.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of residual effects of left ankle fusion and right shoulder reconstruction but these impairments do not meet or medically equal a listed impairment; plaintiff and her husband are not totally credible; plaintiff's medical condition has improved since the date of the most recent favorable decision; plaintiff has the residual functional capacity to perform light work limited to occasional overhead reaching with her right arm and other postural limitations; plaintiff can perform her past relevant work as a clerk; there are a significant number of other jobs which plaintiff can perform; and plaintiff's disability ceased on April 1, 2002. Administrative Transcript ("AT") 31, 36-37. Plaintiff contends the ALJ improperly evaluated the medical evidence, improperly discredited plaintiff and disregarded the testimony of the vocational expert.

II. Standard of Review

When previously granted benefits are terminated by the Commissioner, the burden of proof ordinarily shifts. Rather than resting on a current recipient of disability benefits to prove that he or she is disabled, the burden rests on the Commissioner to prove that the applicant is no longer disabled. "Once a claimant has been found to be disabled, . . .a presumption of continuing disability arises in [her] favor[, and the Commissioner] bears the burden of producing evidence sufficient to rebut this presumption of continuing disability." Bellamy v. Secretary of Health &

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(a).
In this case, plaintiff's disability benefits were terminated pursuant to a continuing disability review (CDR). This type of review is routinely conducted by the Commissioner to determine whether an individual is still disabled. An eight-step sequential process is used in the CDR. 20 C.F.R. § 404.1594(f).

Human Serv., 755 F. 2d 1380, 1381 (9th Cir. 1985); see also Warren v. Bowen, 804 F.2d 1120, 1121 (9th Cir. 1986) as amended at 817 F.2d 63 (9th Cir. 1987) (presumption codified); 42 U.S.C. § 1382c(a)(4) (cessation of disability must be supported by substantial evidence of medical improvement and that recipient of benefits can now engage in substantial gainful activity). This evidence then is reviewed under the substantial evidence standard. Murray v. Heckler, 722 F.2d 499, 500 (9th Cir. 1983). All of the evidence in the record must be considered, both pre- and post-cessation date, when plaintiff makes a claim that a different basis for disability arose prior to the cessation date. McNabb v. Barnhart, 340 F.3d 943, 945 (9th Cir. 2003).

Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

/////

/////

III. Analysis

A. Medical Improvement and Evaluation of Medical Evidence

As discussed above, in a case of cessation of disability benefits, plaintiff is entitled to a presumption of continuing disability but this presumption only shifts the burden of production to the Commissioner, that is, the burden of coming forward with some evidence of medical improvement. See Bellamy v. Secretary of Health & Human Serv., 755 F. 2d at 1381. Medical improvement is defined as any decrease in the medical severity of the impairment that was present at the time of the most recent favorable medical decision that the individual was disabled or continued to be disabled. 20 C.F.R. § 404.1579(b)(1).

Plaintiff was awarded disability benefits on the basis of meeting Listing 1.13 (soft tissue injuries of left ankle requiring a series of staged surgical procedures). AT 30. The ALJ found medical improvement had occurred because plaintiff underwent a series of surgical repairs on her left ankle, which had now fused. AT 30, 66, 203, 205. The records support the finding of medical improvement as defined by the regulations. 20 C.F.R. § 404.1594(c)(3)(I).

Plaintiff, contends however, that later records[2] show she is disabled due to

---

[2] Plaintiff relies on records submitted to the Appeals Council and made a part of the administrative record as well as additional evidence submitted in connection with this proceeding. AT 414-417; Decl. of Jonathan Hendricks, Ex. 1. As to the former set of records, the court has reviewed the ALJ's decision under the substantial evidence standard with due consideration of the materials submitted to the Appeals Council. See Harman v. Apfel, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (where plaintiff submitted additional materials to the Appeals Council in requesting review of the ALJ's decision, court may properly consider the additional materials because the Appeals Council addressed them in the context of denying plaintiff's request for review); see also Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993) (noting that where the Appeals Council declined to review the decision of the ALJ after examining the entire record, including new material, court considers both the ALJ's decision and the additional materials submitted to the Appeals Council).

As to the latter set of records, which comprise April 27, 2006 chart notes and a medical assessment by Dr. Grotz, dated May 2006, the court finds these records, which post-date the ALJ's decision, to be not material. See Sanchez v. Secretary of HHS, 812 F.2d 509, 511-12 (9th Cir. 1987) (case may be remanded to the Secretary for the consideration of new evidence if the evidence is material and good cause exists for the absence of the evidence from the prior record); see also Booz v. Secretary of Health and Human Services, 734 F.2d 1378, 1380-81 (9th Cir. 1984) (for new evidence to be "material," court must find that, had the Secretary considered this

shoulder problems. It may be that plaintiff is disabled at the present time due to a shoulder impairment, but as of the date of cessation[3] of disability in April 2002, substantial evidence supported the ALJ's finding that plaintiff's shoulder condition was not disabling. See AT 34, 220, 224, 231, 232, 233, 236, 264. With respect to plaintiff's other alleged impairments pertaining to left knee pain, back pain and depression, the court finds no error in the ALJ's analysis finding these impairments to be not severe. AT 30, 31, 34, 198, 264, 305-309, 346, 353, 354, 395.

B. Credibility

Plaintiff also contends the ALJ improperly discredited her testimony. The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider:

---

evidence, the decision might have been different).

[3] The McNabb court left open the question whether plaintiff's condition should be considered as of the cessation date or as of the date of the ALJ's decision. McNabb v. Barnhart, 340 F.3d 943, 945 (9th Cir. 2003); but see Acquiescence Ruling 92-2(6), 57 Fed. Reg. 9262 (Mar. 17, 1992) (termination cases reviewed on basis of plaintiff's condition only as of the cessation date). In considering the instant matter, the court has looked at all the evidence of record, not just that dated prior to the cessation date. Looking at the evidence of record after the date of cessation, the evidence cannot support a finding of disability due to the shoulder impairment until long after the April 2002 cessation date.

(1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

As noted above, the ALJ properly found plaintiff's complaints regarding left knee pain, back pain and depression to be not severe impairments and there was no objective evidence that these conditions were severe at the date of cessation of disability. With respect to plaintiff's claim she could do no work, the ALJ considered discrepancies regarding plaintiff's inability to remember which wrist was causing her allegedly disabling pain. AT 34, 67, 183. The ALJ also noted the inconsistency between plaintiff's testimony that she could not use her right arm and the medical records indicating full range of motion and improvement in plaintiff's shoulder condition. AT 34, 126, 220, 224, 230-231, 264, 432. The ALJ further considered inconsistencies with respect to plaintiff's reported use of pain medication. AT 34, 352, 356, 358.

/////

The factors considered by the ALJ all were valid and supported by the record. The ALJ's credibility determination was based on permissible grounds and will not be disturbed.

C. Vocational Expert

Plaintiff further contends that based on the vocational expert's response to a hypothetical posed by her counsel, she is unemployable. Hypothetical questions posed to a vocational expert must set out all the substantial, supported limitations and restrictions of the particular claimant. Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989). If a hypothetical does not reflect all the claimant's limitations, the expert's testimony as to jobs in the national economy the claimant can perform has no evidentiary value. DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991). While the ALJ may pose to the expert a range of hypothetical questions, based on alternate interpretations of the evidence, the hypothetical that ultimately serves as the basis for the ALJ's determination must be supported by substantial evidence in the record as a whole. Embrey v. Bowen, 849 F.2d 418, 422-23 (9th Cir. 1988).

Counsel for plaintiff posed a hypothetical in which plaintiff was limited to only occasional work with her dominant right hand, predicated on the August 1, 2005 opinion of her treating physician, Dr. Fong, that plaintiff was limited at that time to no right arm use. AT 417, 447. The expert testified there would be complete erosion of the occupational base. AT 447. However, the August 1, 2005 opinion post-dates the date of the ALJ's decision by three months and pertains to a time period over three years after the date the ALJ found plaintiff's disability ceased. AT 37. The ALJ specifically addressed plaintiff's right shoulder problems and explained in detail why he found that problem to be not disabling at the time of cessation of disability. AT 34, 230 (Dr. Fong in February 2004 found shoulder to be quite supple with full range of motion). Thus, there was no error in rejecting the testimony of the vocational expert based on the limitations posited by plaintiff's counsel. Because the hypothetical relied on by the ALJ in finding plaintiff could perform her past relevant work and other jobs available in

/////

significant numbers was based on substantial evidence, there was no error with respect to the questions posed to the vocational expert. AT 35-36, 293-302, 441-443.

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied, and

2. The Commissioner's cross-motion for summary judgment is granted.

DATED: September 30, 2007.

U.S. MAGISTRATE JUDGE

006
castner.ss